**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONTE ROYES WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 04-299 |
| v. | ) Judge Terrence F. McVerry/ |
| | ) Chief Magistrate Judge |
| KUSNAIRS BAR AND TAVERN, | ) Francis X. Caiazza |
| RANDALL RUSIA, MARK RUSIA, | ) |
| COMMUNITY ACTION INC., OF | ) |
| FAYETTE COUNTY, | ) |
| | ) |

Defendants

## MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that summary judgement be

granted to Mark Rusia and denied to Randall Rusia with respect to

the Plaintiff's claim based upon the provisions of 42 U.S.C.

Sections 3604, 3617 and 3631. It is also recommended that

Kusnair's Bar and Tavern be dismissed as a Defendant.

### II.   REPORT

### A.   Relevant Factual and Procedural History

This case has been the subject of previous proceedings,

including two Reports and Recommendations. Objections were filed

by the Plaintiff to the most recent Report (Doc. 137), noting

that "[t]he magistrate judge did not rule on § 3604 in relation

to Kusnair [sic] Bar & Tavern (Mark and Randall Rusia)." Doc.

138-1 at ¶ 2.   The objection is well taken and will be rectified

in this supplemental report.

**B. Discussion**

1. The Action Based Upon the FHAA

In this action, the Plaintiff essentially claims that the Defendants refused to rent a room to him because of his race. That being said, the provisions of 42 U.S.C. Section 3604 make it unlawful to refuse to rent a "dwelling" to a person because of his or her race. In their Motion for Summary Judgment, the Defendants make only two arguments regarding the Plaintiff's Federal Fair Housing claims:[1] 1) that "[t]he Plaintiff has not demonstrated through his testimony or through the pleadings . . . that there has been any violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq" and 2) that the "Plaintiff . . . is not entitled to the benefits of the [Fair Housing Amendments Act ("FHAA"), *i.e.*, Sections 3604, 3617 and 3631] because he was merely a boarder[.]" Doc. 122-1 at ¶¶ 76-77.

As to the first argument, in his deposition the Plaintiff testified that Randall Rusia attempted to evict him and that he referred to him as a "black boy" and "nigger." See Doc. 121 at 123 and 127. That testimony, standing alone, raises an issue of

---

1. The Plaintiff makes claims not only under Section 3604 but also under other sections of the FHAA, *viz*. Sections 3617 and 3631. The Rusia Defendants refer generically to Plaintiff's FHAA claims as claims arising under 42 U.S.C. § 3601 et seq. Doc. 122-1 at 15. Because their arguments fail, the Plaintiff's claims under Sections 3617 and 3631 in addition to his claims under 3604 survive against the only remaining defendant, Randall Rusia.

material fact with respect to the question of whether there exists here a violation of the FHAA as to Randall Rusia. However, because there is no evidence that Defendant Mark Rusia had any dealings with Williams, he is entitled to summary judgment with respect to the FHAA claims.

Moving to the second argument, the remaining Defendant, Randall Rusia, has not shown that the Plaintiff's alleged status as a "boarder" removes him from the protections afforded by the FHAA -especially in light of Section 3604's prohibition against discrimination in the "rental of a dwelling" and the applicable definitions of the terms "rent" and "dwelling."[2] To the extent that Defendant Randall Rusia is attempting to argue that his "boarding rooms" come within an exemption to the Fair Housing Act and Section 3604, he has failed, on this record, to carry his burden. <u>Fair Housing Advocates Ass'n, Inc. v. City of Richmond Heights, Ohio</u>, 209 F.3d 626, 634 (6[th] Cir. 2000)("the party

---

2. As used in this subchapter [i.e. subchapter 36, of which Section 3604 is a part]--

. . .

(b) "Dwelling" means any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.

3

seeking to invoke the exemption bears the burden of proving that it is entitled to that exemption"). Consequently, summary judgment should be denied to Defendant Randall Rusia with respect to the Plaintiff's FHAA claims.

2. The Action Against Kusnair's Bar and Tavern

In his Complaint Williams alleges that the individual Defendants owned the boarding room which was rented by or on behalf of the Plaintiff. Doc. 63, Compl. at 4, ¶ 5 ("Mark and Randall Rusia, owners of Kusnairs [sic] Bar & Tavern, own and control the 2[nd] Floor of the premise 21 N. Beeson Ave. Uniontown[,] PA 15401 and contained within these premises . . . are (5) different living units rented at all times by Randall Rusia and Mark Rusia.").

In his Complaint and in this record, Williams has failed to identify the legal entity under which Kusnairs' Bar and Tavern operates. The court recognizes that Section 3604 actions can be commenced against corporations, partnerships or a myriad of other business forms, and that liability can be imposed upon whatever legal principles are applicable to a particular entity. But here the Plaintiff has identified Randall Rusia as an owner of the building but he failed to connect his relationship with Kusnair's Bar and Tavern in any other manner. Accordingly, this action should proceed only against Randall Rusia and not against an unidentified entity.

## III.   CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. §
636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are
allowed ten (10) days from the date of service to file written
objections to this report.  Any party opposing the objections
shall have seven (7) days from the date of service of the
objections to respond thereto.  Failure to timely file objections
may constitute a waiver of any appellate rights.

Francis X. Caiazza
U.S. Magistrate Judge

Dated: June 1, 2006.

cc:

The Honorable Terrence F. McVerry
United States District Judge

Simon B. John, Esq.
John & John
96 East Main Street
Uniontown, PA 15401

Steven L. Minnich, Esq.
Summers, McDonnell, Walsh & Skeel
707 Grant Street
Gulf Tower, Suite 2400
Pittsburgh, PA 15219

Donte Royes Williams
321654
Fredrick County Adult Detention Center
7300 Marcia Choice Ln.
Fredrick, MD 21704