IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONTE ROYES WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 04-299 |
| v. ) | Judge Terrence F. McVerry/ |
| ) | Chief Magistrate Judge |
| KUSNAIRS BAR AND TAVERN, ) | Francis X. Caiazza |
| RANDALL RUSIA, MARK RUSIA, ) | In Re: Docs. 161, 162, 165 |
| COMMUNITY ACTION INC., OF ) | |
| FAYETTE COUNTY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Donte R. Williams ("Williams" or "the Plaintiff") alleges that Defendant Randall Kusnair ("the Defendant" or "Kusnair") evicted him from a boarding room in violation of a myriad of laws and in breach of a contract. In this case the defense will center on William's alleged behavior leading to his eviction. Presently before the court are three motions.

The first is Williams' Motion in Limine seeking to prevent the Defendant from admitting the Plaintiff's convictions on drug charges into evidence. Williams is presently incarcerated and he has been sentenced to more than one year imprisonment on three separate charges. (Doc. 169). As the Defendant points out, a party may use evidence of a conviction involving a sentence of longer than one year for impeachment purposes. Fed. R. Evid. 609(a)(1). The Plaintiff's Motion in *Limine,* (Doc. 161), is DENIED.

Williams, though another in *limine* motion, also seeks to prevent the Defendant from introducing evidence with respect to Williams' evictions from other housing arrangements prior to his eviction by the Defendant in this case. Williams also seeks to limit testimony concerning his disruptive behavior at other facilities where he was housed. Kusnair argues that he permitted Williams to board with him after Williams' prior disruptive behavior and evictions had been related to him. In fact, Kusnair's defense is that after learning Williams' history he agreed to accept Williams as a tenant - regardless of the prior incidents. If properly presented, the evidence which Williams seeks to exclude is both relevant and probative. The Plaintiff's Motion in *Limine,* (Doc. 162), is DENIED.

Lastly, the Plaintiff filed a Demand for Jury Trial, (Doc. 160), on November 16, 2006, more than two and one-half years after his Complaint was filed. The Defendant asserts that the Plaintiff's jury demand was made untimely pursuant to Fed.R.Civ.P. 38 which provides:

> (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action **and not later than 10 days after the service of the last pleading directed to such issue,** and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.
> * * * *
> (d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes

a waiver by the party of trial by jury . . . . Fed.R.Civ.P. 38(b),(d)(emphasis added). The term "last pleading" typically relates to an answer to a complaint or a reply to a counterclaim. McCarthy v. Bronson, 906 F.2d 835, 840 (2d Cir.1990), *aff'd,* 500 U.S. 136 (1991). The demand here is plainly untimely because the last pleading filed in this case was the Defendant's Answer filed on September 17, 2004. (Doc. 79). The Plaintiff, therefore, has waived his right to a jury trial and, accordingly, the Defendant's Motion to Strike the Jury Demand, (Doc. 165), is GRANTED, and the Plaintiff's Demand for a Jury Trial, (Doc. 160), is STRICKEN.

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

Dated: February 9, 2007

cc:
Donte Royes Williams
324530
Eastern Correctional Institution
30420 Revels Neck Road
Westover, MD 2189