IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE ROYES WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-299 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| RANDALL KUSNIAR, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff's Motions for Stay of Judgment (Docs. 212 & 214) will be denied.

On July 29, 2008, the Court of Appeals for the Third Circuit entered Judgment on appeal, affirming the District Court's judgment in part, vacating it in part, and remanding the case for further proceedings.  *See* Doc. 205.  The Third Circuit Court issued its corresponding Mandate on September 17, 2008.  *See* Doc. 206.

Plaintiff seeks a stay of the proceedings here, highlighting that he has filed a Petition for Certiorari with the United States Supreme Court.  *See* Pl.'s Mots. at ¶ 4.  Defendant highlights that Plaintiff's supporting attachment is a letter from the Clerk's Office of the Supreme Court indicating that his appeal papers were "returned" as deficient.  *See* Ltr. dated Dec. 8, 2008 (filed under Doc. 212-2); *see also id.* ("[u]nless the petition is submitted to this Office in correct form . . ., the petition will not be filed").

A review of the Supreme Court's docket reveals, however, that Plaintiff's Petition for a Writ of Certiorari was docketed on January 26, 2009, and Defendant has been ordered to respond by February 25, 2009.  *See* web page at:  http://www.supremecourtus.gov/docket/docket.html

(search for "Donte Royes Williams").  In any event, however, this Court lacks the authority to grant Plaintiff's request for a stay.

The filing of a petition for review in the Supreme Court is insufficient to stay execution of judgment.  DCR Fund I, L.L.C. v. Tal Techs., Inc., 2008 WL 2004170, *1 (W.D. Okla. May 7, 2008).  Rather, stays of execution pending Supreme Court review are governed by 28 U.S.C. § 2101(f), which provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court.  <u>The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court</u> . . . .

Id. (emphasis added).

Section 2101(f) has "uniformly been interpreted as requiring [that] the stay be issued by the Court of Appeals or a justice of the United States Supreme Court."  DCR Fund, 2008 WL 2004170 at *2 (citation omitted); accord Baty v. Willamette Indus., Inc., 1999 WL 459345, *1 (D. Kan. Jun. 30, 1999) (collecting cases holding same); Kurz v. Mairone, 1993 WL 21205, *1 (E.D. Pa. Jan. 28, 1993) (same).

Because this Court lacks the authority to grant a stay, Plaintiff's Motions (**Docs. 212 & 214**) are **DENIED**.

IT IS SO ORDERED.

January 29, 2009                                                     s/Cathy Bissoon
                                                                                 Cathy Bissoon
                                                                                 United States Magistrate Judge

cc (via email):

Simon B. John, Esq.

cc (via 1st Class U.S. Mail):

Donte Royes Williams
C/O B.C.C.C. #338-201
901 Greenmount Avenue
Baltimore, MD  21202