**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTE ROYES WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-299 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| KUSNIAR'S BAR AND | ) | |
| TAVERN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

On June 5, 2007, Magistrate Judge Francis X. Caiazza conducted a bench trial in the above-captioned case. On July 13, 2007, Judge Caiazza entered judgment for Defendant Kusniar on all remaining claims.[1]

The Court of Appeals remanded the case and directed that the following determinations be made by this Court: (1) the amount of damages Plaintiff should receive under the Pennsylvania Landlord Tenant Act for an impermissible "self-help" eviction; (2) the amount of damages, if any, Plaintiff should receive as a third-party beneficiary of the contract between the FCCAA and Kusniar; and (3) whether there have been any violations of the Uniform Trade Practices and Consumer Protection Law ("UTPCPL") (Doc. 206-2, pp. 5-6).

The Court of Appeals has already ruled that Defendant violated the Landlord Tenant Law by evicting Plaintiff through unlawful self-help. Under Pennsylvania law, a tenant wrongfully evicted may sue for damages. Kuriger v. Cramer, 498 A.2d 1331, 1338 (Pa. Super. 1985). A

[1] The parties here are intimately familiar with the factual background in this case and the Court,

lessee may recover "for all losses which he can prove he has actually sustained, or which he will necessarily sustain, under the circumstances, as a result of the unlawful eviction." Pollock v. Morelli, 369 A.2d 458, 462 (Pa.Super. 1976) (quoting Minnich v. Kauffman, 108 A. 597, 598 (Pa. 1919)). Here, Plaintiff testified that his actual damages are a total of $350 in rent for alternative lodging (7 nights at a hotel at $50 per night). Therefore, Plaintiff is entitled to $350 in damages on this claim.

Plaintiff also asserts that Defendant Kusniar breached his contract with FCCAA by evicting Plaintiff. The Court of Appeals ruled that Plaintiff was an intended third-party beneficiary of this contract and, hence, has standing to sue for breach. Before determining whether a breach occurred, the Court must determine the time period during which Kusniar agreed not to evict Plaintiff. There is no dispute that Plaintiff inhabited the room from July 2, 2001, through August 3, 2001. Hence, Plaintiff was not evicted until 30 calendar days from the inception of his lease of the property. The FCCAA agreement, on the other hand, provides that Kusniar would not evict Plaintiff for 30 calendar days from his receipt of the FCCAA's check. Kusniar did not receive the FCCAA check until August 29, 2001, or almost a month after Williams had already been evicted.

In order for Plaintiff to recover as a third-party beneficiary of the FCCAA contract, he must establish that Kusniar agreed not to evict him for 30 days from August 29, 2001. However, at the time Kusniar received the check, neither he, nor FCCAA, nor Plaintiff as the third-party beneficiary, could possibly have believed that a commitment was being made not to evict Plaintiff for 30 days from August 29, 2001. Indeed, interpreting the contract in that fashion would lead to the absurd result that Kusniar agreed not to evict a tenant he had already evicted

---

therefore, will restrict its discussions to only those facts germane to this Memorandum Order.

almost a month earlier. Empire Sanitary Landfill, Inc. v. Riverside School District, 739 A.2d 651, 655 (Pa.Commw.Ct. 1999) ("before a court may interpret a contract in such a way as to reach an absurd result, it must endeavor to reach an interpretation that is reasonable"). The more reasonable interpretation of the agreement in this case is that Kusniar agreed not to evict Plaintiff for 30 days from the date he began renting the room to Plaintiff, i.e., July 2, 2001. Thus, there has been no breach of contract.

However, even if Kusniar's receipt of the FCCAA check on August 29, 2001, gave rise to a duty on his part not to evict Plaintiff for 30 days from that date, the only evidence of damages presented by Plaintiff is the $350 he paid for alternative lodging. Plaintiff has already been awarded that amount and is not entitled to double recovery. "[A]n injured party cannot recover twice for the same injury, based on the theory that double recovery results in unjust enrichment." Archer v. State Farm Ins. Co., 615 A.2d 779, 783 (Pa.Super. 1992), appeal denied, 629 A.2d 1375 (Pa. 1993) (citation omitted).

Finally, the Court must decide whether there has been a violation of the UTPCPL. A seller of goods or services commits a violation by:

> xiv) Failing to comply with the terms of any **written guarantee or warranty given to the buyer** at, prior to or after a contract for the purchase of goods or services is made;

73 P.S. § 201-2(4)(xiv)(emphasis added). Here, the Court of Appeals found that an oral contract for goods or services was entered into when Plaintiff paid $125 to Kusniar and was then given access to the room on July 2, 2001 (Doc. 206-2, p. 6). This oral contract was unaccompanied by any written guarantee. Plaintiff, however, asserts that the contract between Kusniar and FCCAA provides the written guaranty, but the representations made by Kusniar in his contract with FCCAA were made to FCCAA. In order for the UTPCPL to apply, the "guarantee" or

"warranty" must be "given to the buyer" 73 P.S. § 201-2(4)(xiv). Plaintiff is the buyer in this instance. He was not given a written guaranty, and the UTPCPL does not apply.

Even if, however, the Court interpreted the contract between Kusniar and FCCAA as a "written guarantee" accompanying the prior oral contract between Kusniar and Plaintiff, damages for a violation of the UTPCPL would be the greater of Plaintiff's actual damages, or a statutory award of $100. 73 P.S. § 201-9.2(a). Plaintiff's actual damages are $350. He has already received these damages and is not entitled to double recovery. Archer, supra.

The UTPCPL provides for a discretionary award of treble damages. 73 P.S. § 201-2(4)(xiv). Even if there had been a violation of the UTPCPL, the Court would decline to make a discretionary award of treble damages in light of the findings by Magistrate Judge Caiazza that "Williams regularly made threats of bodily harm and even directed death threats towards Kusniar and the other tenants." (Doc. 186, p. 3).

AND NOW, this 10th day of December, 2009,

JUDGMENT IS HEREBY ENTERED in favor of Plaintiff and against Defendant Kusniar in the amount of $350.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
DONTE ROYES WILLIAMS
326 Furrow Street
Baltimore, MD 21223